**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| CHARLES ALCON, | ) | |
| | ) | 3:14CV-614-R |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | NOTICE OF REMOVAL |
| | ) | |
| ANDERSON WOOD PRODUCTS | ) | |
| COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Defendant Anderson Wood Products Company ("Defendant" or "AWPC"), by counsel,
hereby removes the above-captioned action from the Jefferson (Ky.) Circuit Court, to the United
States District Court for the Western District of Kentucky, Louisville Division.  In support of this
Notice of Removal, Defendant states as follows:

1.      On August 18, 2014, Plaintiff Charles Alcon ("Alcon" or "Plaintiff") filed a
Complaint in the Jefferson Circuit Court, Division 13, styled *Charles Alcon v. Anderson Wood
Products Company*, Civil Action No. 14-CI-4315 (the "Action").

2.      On or about August 20, 2014, Plaintiff's Summons and Complaint were served
upon AWPC.  A true and correct copy of Plaintiff's Summons and Complaint are attached hereto
as Exhibit 1.  These documents constitute all the process, pleadings and orders that have been
served upon or by AWPC in the Action.

3.      In his Complaint, Plaintiff asserts claims against Defendant for an alleged
"racially hostile work environment, disparate treatment with respect to wages and advancement,
discriminatory discharge, retaliatory discharge, and a pattern and practice of discrimination in

violation of the Kentucky Civil Rights Act," KRS Chapter 344 ("KCRA"). He also asserts a claim for "intentional infliction of emotional distress" (i.e., the tort of outrage). Plaintiff seeks lost wages and benefits, compensatory damages for emotional distress and other intangibles, punitive damages, pre-judgment and post-judgment interest, attorney's fees, costs and expenses.

4.     This action may be removed by the Defendant pursuant to 28 U.S.C. § 1441(b) on the basis of federal question jurisdiction because it is founded on a claim or right arising under the Constitution, treaties or laws of the United States. Specifically, the removal of the Action is supported by the following:

(a)     Section 301 of the federal Labor Management Relations Act provides that suits for violations of a collective bargaining agreement may be brought in federal court. 29 U.S.C. § 185(a). Causes of action within the scope of Section 301 may be removed to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987). The Supreme Court has interpreted Section 301 to require federal preemption of state law claims which are "inextricably intertwined with consideration of the terms of the labor contract." *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 382 (6th Cir. 1991) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985)). The Sixth Circuit employs a two-part test for determining whether a state law claim is preempted by Section 301:

> First, courts must determine whether resolving the state-law claim would require interpretation of the terms of the collective bargaining agreement. If so, the claim is preempted. Second, courts must ascertain whether the rights claimed by the plaintiff were created by the collective bargaining agreement, or instead by state law. If the rights were created by the collective bargaining agreement, the claim is preempted. In short, if a state law claim fails *either* of these two requirements, it is preempted by Section 301.

*Heard v. SBC Ameritech Corp.*, 205 F. App'x 355, 358 (6th Cir. 2006) (citing *Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004)) (emphasis original).

(b)    The Plaintiff's Complaint nominally asserts six distinct claims under the rubric of the KCRA: (1) racially discriminatory treatment with respect to promotions and advancement, (2) racially discriminatory treatment with respect to wages, (3) racially discriminatory discharge, (4) a pattern and practice of discrimination, (5) racially hostile work environment, and (6) retaliatory discharge. *See* Complaint ¶¶ 7, 15.   The Complaint also nominally asserts a separate claim for (7) infliction of emotional distress (i.e., the tort of outrage). *See id.* ¶¶ 18-19.

(c)    As explained herein, several of these claims are completely preempted by Section 301, for two independent reasons: (1) their resolution will necessarily depend upon analysis and interpretation of the terms of a collective bargaining agreement, and (2) they necessarily allege violations of the Plaintiff's rights under his union's collective bargaining agreement.

(d)    *Racially discriminatory treatment: promotions and advancement.*  In the section addressing "Advancement," the Shop Agreement states that "[i]t is the intent of both the Company and the Union that all employees have opportunity for advancement as their seniority (length of service) and ability entitles.  Company and Union will work together to develop a program within 120 days of ratification." *See* Exhibit 2, Collective Bargaining Agreement, at 12. To determine whether the Plaintiff's allegations of unlawful racial discrimination in promotions and advancement have merit, this Court must necessarily interpret the terms of the Agreement to determine whether this section of the Agreement (Article XVI) permits unequal treatment of employees (in promotions and advancement) on the basis of their race.  Under the Sixth Circuit's two-part test, *supra*, it is completely preempted by federal law, and may be removed to this Court.

In addition, Plaintiff's allegations of unlawful racial discrimination in promotions and advancement actually articulate an independent claim under Section 301, thereby providing a basis for federal question jurisdiction.  Should this Court conclude that Article XVI does not permit unequal treatment of employees on the basis of their race in promotions and advancement, then the Plaintiff's Complaint's allegations of racial discrimination in promotions in advancement necessarily constitute an allegation that AWPC breached Agreement's provision prohibiting discrimination on the basis of race.  *See* Exhibit 2, Agreement, at 5 ("The Company and the Union agree that no employee shall be discriminated against because of race . . . ."). Thus, the Plaintiff has alleged a "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce" that may originally be brought in this Court.  29 U.S.C. § 185.  Because the Plaintiff has alleged a claim arising under the laws of the United States, removal is appropriate.  *See Heard v. SBC Ameritech Corp.,* 205 F. App'x 355, 358 (6th Cir. 2006) ("[W]e have found many state-based claims pre-empted because they have implicated the federal policies underlying federal labor law. For example, we have found pre-emption where the rights in dispute were created by a collective bargaining agreement, where the implicated employment relationship was subject to a collective bargaining agreement, and where the state-law claim required the court to examine the practices and customs of a workplace whose conditions are governed by a CBA.") (internal citations omitted).

(e)    *Racially discriminatory treatment: wages.*  In the section addressing "Wages," the Shop Agreement provides a table defining the hourly wages for nine different categories of employees, ranging from Laborer to Foreman, with annual raises guaranteed for each category of employees throughout the Agreement's three-year duration.  *See* Agreement at 5.  It also provides that "it is necessary for the Company to have the right to hire skilled

4

employees and establish the rate of pay for these new positions based on market conditions." *Id.* at 6. To determine whether the Plaintiff's allegations of unlawful racial discrimination in wages have merit, this Court must necessarily interpret the terms of the Agreement to determine whether this section of the Agreement (Article VII) permits unequal treatment of employees (in wages) on the basis of their race. Under the Sixth Circuit's two-part test, *supra*, it is completely preempted by federal law, and may be removed to this Court.

In addition, the Plaintiff's allegations of unlawful racial discrimination in wages actually articulate an independent claim under Section 301, thereby providing a basis for federal question jurisdiction. Should this Court conclude that Article VII does not permit unequal treatment of employees on the basis of their race in wages, then the Plaintiff's Complaint's allegations of racial discrimination in wages necessarily constitute an allegation that AWPC breached Agreement's provision prohibiting discrimination on the basis of race. *See id.* at 5 ("The Company and the Union agree that no employee shall be discriminated against because of race . . . ."). Thus, the Plaintiff has alleged a "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce" that may originally be brought in this Court. 29 U.S.C. § 185. Because Plaintiff has alleged a claim arising under the laws of the United States, removal is appropriate. *See Heard,* 205 F. App'x at 358.

(f)    *Racially discriminatory discharge.* In the section addressing "Discipline and Discharge," the Shop Agreement states that AWPC will discharge employees "only . . . for just cause." *See* Agreement at 12-13. It further provides a non-exhaustive list of examples of misconduct that constitute "just cause" for discharge. *See id.* at 13. To determine whether the Plaintiff's allegations of racially discriminatory discharge have merit, this Court must necessarily interpret the terms of the Agreement to determine whether this section of the Agreement (Article

XIX) permits unequal treatment of employees in making discharge determinations on the basis of their race.  Under the Sixth Circuit's two-part test, *supra*, it is completely preempted by federal law, and may be removed to this Court.

In addition, Plaintiff's allegations of racially discriminatory discharge actually articulate an independent claim under Section 301, thereby providing a basis for federal question jurisdiction.  Should this Court conclude that Article XIX does not permit discriminatory discharge of employees on the basis of their race, then the Plaintiff's Complaint's allegations of racially discriminatory discharge necessarily constitute an allegation that AWPC breached Agreement's provision prohibiting discrimination on the basis of race.  *See id.* at 5 ("The Company and the Union agree that no employee shall be discriminated against because of race . . . .").  Thus, the Plaintiff has alleged a "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce" that may originally be brought in this Court.  29 U.S.C. § 185.  Because Plaintiff has alleged a claim arising under the laws of the United States, removal is appropriate.  *See Heard,* 205 F. App'x at 358.

(g)    *Retaliatory discharge.*    In the section addressing "Discipline and Discharge," the Shop Agreement states that AWPC will discharge employees "only . . . for just cause."  *See* Agreement at 12-13.  Its list of examples of misconduct that constitute "just cause" does not include "opposing unlawful discrimination on the basis of race"; this list of examples, however, is non-exhaustive.  *See id.* at 13.  To determine whether the Plaintiff's allegations of retaliatory discharge have merit, this Court must necessarily interpret the terms of the Agreement to determine whether Article XIX permits the discharge of an employee because of his or her opposition to unlawful discrimination on the basis of race.  Under the Sixth Circuit's two-part test, *supra*, it is completely preempted by federal law, and may be removed to this Court.

In addition, Plaintiff's allegations of retaliatory discharge actually articulate an independent claim under Section 301, thereby providing a basis for federal question jurisdiction. Should this Court conclude that Article XIX does not permit discriminatory discharge of employees on the basis of their race, then the Plaintiff's Complaint's allegations of retaliatory discharge necessarily constitute an allegation that AWPC breached Agreement's provision prohibiting violation of "all local, state and federal laws regarding equal employment opportunities." *See id.* at 5.  Thus, the Plaintiff has alleged a "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce" that may originally be brought in this Court.  29 U.S.C. § 185.  Because Plaintiff has alleged a claim arising under the laws of the United States, removal is appropriate.  *See Heard,* 205 F. App'x at 358.

        (h)    *Pattern and practice of race discrimination.*  To determine whether the Plaintiff's allegations of an unlawful "pattern and practice of discrimination" on the basis of race have merit, this Court must necessarily interpret the terms of the Agreement to determine whether the Agreement permits any unequal treatment of employees on the basis of race, let alone a "pattern and practice" of it.  Under the Sixth Circuit's two-part test, *supra*, it is completely preempted by federal law, and may be removed to this Court.

In addition, Plaintiff's allegations of an unlawful "pattern and practice of discrimination" actually articulate an independent claim under Section 301, thereby providing a basis for federal question jurisdiction.  Should this Court conclude that the Agreement does not permit unequal treatment of employees on the basis of their race, then the Plaintiff's Complaint's allegations of an unlawful "pattern and practice of discrimination" necessarily constitute an allegation that AWPC breached Agreement's provision prohibiting discrimination on the basis of race.  *See id.*

at 5 ("The Company and the Union agree that no employee shall be discriminated against because of race . . . ."). Thus, the Plaintiff has alleged a "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce" that may originally be brought in this Court. 29 U.S.C. § 185. Because Plaintiff has alleged a claim arising under the laws of the United States, removal is appropriate. *See Heard,* 205 F. App'x at 358.

(i)     *Racially hostile work environment.* In the section addressing "No Discrimination," the Shop Agreement states that "[h]arassment of an employee, based on [race and other specified protected characteristics] is strictly prohibited." *See* Agreement at 5. To determine whether the Plaintiff's allegations of a racially hostile work environment have merit, this Court must necessarily interpret the terms of the Agreement to determine whether this section of the Agreement (Article VI) permits harassment of employees on the basis of their race. Under the Sixth Circuit's two-part test, *supra*, it is completely preempted by federal law, and may be removed to this Court.

In addition, Plaintiff's allegations of a "racially hostile work environment" actually articulate an independent claim under Section 301, thereby providing a basis for federal question jurisdiction. Should this Court conclude that the Agreement does not permit harassment of employees on the basis of their race, then the Plaintiff's Complaint's allegations of an "racially hostile work environment" necessarily constitute an allegation that AWPC breached Agreement's provision prohibiting discrimination on the basis of race. *See id.* at 5 ("The Company and the Union agree that no employee shall be discriminated against because of race . . . ."). Thus, the Plaintiff has alleged a "violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce" that may originally be

brought in this Court. 29 U.S.C. § 185. Because Plaintiff has alleged a claim arising under the laws of the United States, removal is appropriate. *See Heard,* 205 F. App'x at 358.

    (j)  Any claims over which this Court is not expressly granted jurisdiction pursuant to 28 U.S.C. § 1331 are properly within its supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Thus, this Court can and should exercise supplemental jurisdiction over those claims, pursuant to 28 U.S.C. § 1441(c).

    5.  While Defendant relies in part on the allegations in Plaintiff's Complaint for the purpose of this Notice of Removal, it reserves the right to challenge all of Plaintiff's assertions and denies that Plaintiff is entitled to any relief whatsoever in this Action.

    6.  The United States District Court for the Western District of Kentucky embraces the location of the Jefferson Circuit Court, where Plaintiff's Complaint was filed. Thus, removal is proper to this Court pursuant to 28 U.S.C. § 1446(a).

    7.  This notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b), having been filed within thirty (30) days after receipt by Defendant of a copy of the initial pleading setting forth the claims for relief.

    8.  Pursuant to 28 U.S.C. § 1446(d), Defendant shall promptly give written notice of the filing of this Notice of Removal to Plaintiff, and shall file a copy of the same with the Clerk of Court for the Jefferson Circuit Court. *See* Notice of Filing of Removal, attached hereto as Exhibit 3.

    WHEREFORE, Defendant gives notice that the entire above-captioned Action, now pending before the Jefferson Circuit Court as Civil No. 14-CI-4315, is removed therefrom to this Court.

Respectfully submitted,


/s/ Joseph A. Bilby

James. D. Allen
Stoll Keenon Ogden PLLC
300 West Vine Street
Suite 2100
Lexington, KY  40507-1801
Telephone:  (859) 231-3000
jim.allen@skofirm.com

and

Joseph A. Bilby
Stoll Keenon Ogden PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, KY  40202
Telephone:  (502) 333-6000
joe.bilby@skofirm.com

*Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2014, I electronically served the foregoing with the Clerk of the Court using the CM/ECF system upon:

Bryan M. Cassis
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, KY 40202
Telephone: (502) 736-8100
bryan@cassislaw.com

*Attorney for Plaintiff*

/s/ Joseph A. Bilby
*Attorney for Defendant*

118113.149223/1136237.2