UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-614-TBR

CHARLES ALCON                                                                                          PLAINTIFF

v.

ANDERSON WOOD PRODUCTS COMPANY                                                    DEFENDANT

**MEMORANDUM OPINION**

This matter comes before the Court on the Plaintiff's Motion to Remand. (Docket #5). The Defendant has responded. (Docket #8). This matter is now ripe for adjudication. For the following reasons, the Plaintiff's Motion to Remand (Docket #5) will be GRANTED.

BACKGROUND

This action arises from Plaintiff Charles Alcon's employment at Defendant Anderson Wood Products Company ("Anderson Wood"). Alcon alleges he was subjected to a racially hostile work environment, received disparate treatment including lower wages, and was terminated for opposing his harassment. (Docket #1, Ex. 1).

Alcon filed this lawsuit in Jefferson County Circuit Court. Alcon alleges only state claims, namely discrimination in violation of the Kentucky Civil Rights Act ("KRCA") and intentional infliction of emotional distress. Anderson Wood removed this lawsuit to federal court on the basis of federal question jurisdiction.[1] Anderson Wood argues Alcon's claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"), thereby converting his state claims into federal claims. Alcon moves to remand.

---

[1] It is undisputed that diversity jurisdiction does not exist. Alcon is a Kentucky resident and Anderson Wood is a Kentucky corporation with its principal place of business in Kentucky.

1

STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The defendant has the burden of establishing that removal is proper." *Crump v. WorldCom, Inc.*, 128 F. Supp. 2d 549, 553 (W.D. Tenn. 2001).

A district court has subject matter jurisdiction to hear federal question cases. *See* 28 U.S.C. §§1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "There does exist, however, an 'independent corollary' to the well-pleaded complaint rule, known as the 'complete pre-emption' doctrine." *Id*. (citation omitted). The "pre-emptive force of a statute" may be "so 'extraordinary' that it 'converts an ordinary state commonlaw complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id*. (*quoting Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

"The complete pre-emption corollary to the well-pleaded complaint rule is applied primarily[2] in cases raising claims pre-empted by § 301 of the LMRA." *Id*. Section 301 states "Suits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties. 29 U. S.

---

[2] "To date the Supreme Court has recognized complete preemption under only three statutes: § 301 of the Labor Management Relations Act, 1947 (LMRA), 29 U.S.C. § 185, § 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a), and § 30 of the National Bank Act, 12 U.S.C. §§ 85 & 86." *Roddy v. Grand Trunk W. R.R.*, 395 F.3d 318, 323 (6th Cir. 2005).

C. § 185(a)." Most commonly, the contract between an employer and labor organization is a collective bargaining agreement. Although claims arising from a collective bargaining agreement might normally be state law claims, the "unusually 'powerful' pre-emptive force of § 301" not only preempts[3] state law claims "but also authorize[es] removal of actions that sought relief only under state law." *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 7-8 (2003).

This does not mean, however, that any state claim "tangentially related" to a collective bargaining agreement must be preempted, but instead only those claims that are "inextricably intertwined." *Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 522 (6th Cir. 2012). The Sixth Circuit has adopted a two-part test to "determine whether a state-claim is sufficiently 'independent' to survive § 301 preemption." *Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004). "First, courts must determine whether resolving the state-law claim would require interpretation of the terms of the collective bargaining agreement." *Id*. "If interpretation of the CBA would be required, then the state-law claim is preempted and the inquiry is at an end." *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580 (6th Cir. 2014). "Second, courts must ascertain whether the rights claimed by the plaintiff were created by the collective bargaining agreement, or instead by state law." *Mattis*, 355 F.3d at 906. "If the rights were created by the collective bargaining agreement, the claim is preempted." *Id*. "In short, if a state-law claim fails *either* of these two requirements, it is preempted by § 301." *Id*. (emphasis in original).

DISCUSSION

Alcon alleges that Anderson Wood subjected Alcon to a racially hostile work environment in violation of the Kentucky Civil Rights Act ("KCRA"). Alcon also alleges that

---

[3] "[C]omplete preemption that supports removal and ordinary preemption are two distinct concepts." *Allen v. Sara Lee Corp.*, 2007 U.S. Dist. LEXIS 9016 *13-14 (E.D. Ky. 2007). "Only complete preemption supports removal; ordinary preemption does not." *Moore v. Highlands Hosp. Corp.*, 2011 U.S. Dist. LEXIS 133211 *7 (E.D. Ky. 2011).

3

Anderson Wood's action constituted an intentional infliction of emotional distress. (Docket #1, Ex. 1). On its face, Alcon's complaint alleges only state law claims which do not provide federal question jurisdiction.

Anderson Wood argues the complete pre-emption corollary to the well-pleaded complaint rule applies in this case. Anderson Wood claims Alcon's discrimination claims are covered by the Collective Bargaining Agreement ("CBA") between Anderson Wood and Alcon's union. Section VI of the CBA states, under the heading "No Discrimination":

> The Company and the Union agree that no employee shall be discriminated against because of race, color, religion, national origin, disability, age, sex, or other characteristic protected by law. The Company and the Union will comply with all local, state and federal laws regarding equal employment opportunities.
>
> Harassment of an employee, based on any of the above-mentioned protected characteristics, is strictly prohibited. (Docket #8, Ex. 1).

Anderson Wood argues both that Alcon's rights arise out of the CBA and that a court cannot determine Alcon's discrimination claim without interpreting the CBA. Neither argument is persuasive.

First, Alcon's rights arise out of the KCRA, not the CBA. Among other things, the KCRA makes it unlawful for a person to "retaliate or discriminate" against any person who has opposed discriminatory practices. Ky. Rev. Stat. 344.280; *see also* Ky. Rev. Stat. 344.280 (expressly creating a civil cause of action). Although the CBA states Anderson Wood "will comply with all local, state and federal laws regarding equal employment opportunities," it does not create this requirement – the laws do. *Smolarek v. Chrysler Corp.*, 879 F.2d 1326 (6th Cir. 1989); *Welch v. GMC*, 922 F.2d 287 (6th Cir. 1990); *Combs v. Highlands Hosp. Corp.*, 2012 U.S. Dist. LEXIS 73027 *5 (E.D. Ky.) ("the rights asserted by Combs are not created by the CBA. . . . The CBA states that Highlands will follow all applicable anti-discrimination laws, but

4

the CBA does not create these duties. Highlands' obligation to not discriminate against employees on the basis of age already exists independently of the CBA."); *see also Patterson v. ExxonMobil Corp.*, 262 F. Supp. 2d 453, 465 (D.N.J. 2003).

Second, Alcon's discrimination claims can be resolved without interpretation of the CBA. Alcon can establish a prima facie case of discrimination either by presenting direct evidence of intentional discrimination or by showing that he was a "member of a protected class," was "subject to an adverse employment decision," was "qualified for the position," and was "replaced by a person outside of the protected class or that similarly situated non-protected employees were treated more favorably." *Thomas v. Kmart Corp.*, 2006 U.S. Dist. LEXIS 71475 *8-9 (W.D. Ky. 2006). Anderson Wood argues an interpretation of the CBA will be necessary to prove Anderson Wood's defense that it followed all wage and promotion procedures and fired Alcon for "just cause." (Docket #8). However, "'the assertion of a defense' that relies on an interpretation of the CBA 'does not support removal to federal court.'" *Combs*, 2012 U.S. Dist. LEXIS 73027 at *7-8 (citing *Smolarek*, 879 F.2d 1333); *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 412 (1988) ("§ 301 does not preempt state anti-discrimination laws, even though a suit under these laws, like a suit alleging retaliatory discharge, requires a state court to determine whether just cause existed to justify the discharge"); *Alongi v. Ford Motor Co.*, 386 F.3d 716, 727-28 (6th Cir. 2004); *see also Miller v. AT & T Network Sys.*, 850 F.2d 543 (9th Cir. 548) ("A claim challenging a discharge need not be preempted merely because certain aspects of the collective bargaining agreement govern work assignments and discharges").

Finally, this Court is mindful of the Supreme Court's warning[4] that "the establishment of labor standards falls within the traditional police power of the State" and therefore "pre-emption should not be lightly inferred in this area." *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 21 (1987); *Humble v. Boeing Co.*, 305 F.3d 1004, 1007 (9th Cir. 2002) ("the Supreme Court has repeatedly admonished that § 301 preemption is not designed to trump substantive and mandatory state law regulation of the employee-employer relationship; § 301 has not become a 'mighty oak' that might supply cover to employers from all substantive aspects of state law").

Alcon's claims do not arise from the CBA nor are they inextricably intertwined with the CBA. Therefore, § 301 preemption does not apply. This case shall be remanded to state court.

A separate judgment and order shall issue.

---

[4] At one time, the Supreme Court called anti-discrimination laws "nonnegotiable" and by that analysis could not be preempted by § 301. *Allis-Chalmers Corp. v Lueck*, 471 U.S. 202 (1985) (abrogated). A few courts adopted this language. *Betty v. Brooks & Perkins*, 521 N.W.2d 518 (Mich. 1994); *Commodore v University Mechanical Contractors, Inc.*, (1992) 839 P2d 314, 320 (Wash. 1992) (calling anti-discrimination laws "nonnegotiable" and refusing to preempt a race discrimination claim).